Leon Jon Bonney, Esq. (SBN 109010)
Bonney & Associates Attorney at Law
825 Van Ness Avenue, Suite 304
San Francisco, CA 94109-7837
Tel: 1-415-986-0115 Fax: 1-415-236-6479
Email: Court ECF/ECM: ljbonney@earthlink.net; Non-Court: Bonney@Lbonney.com

Attorney for Debtors

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

In re:

Pete A Garcia and Sari T Ditlevsen

Debtors

Case No. 10-34868 DM Ch. 13

Hearing Date: JULY 20, 2011 Time: 1:35 PM
Judge: MONTALI
Place: Courtroom 22 - 235 Pine Street San Francisco, CA 94104

MEMORANDUM IN SUPPORT OF
RESPONSE TO TRUSTEE'S MOTION TO DISMISS CASE PRIOR TO CONFIRMATION

**FACTS**

The trustee has raised a motion to dismiss the case under 11 U.S.C. §1307(c)(1) alleging unreasonable delay on the part of the debtors. For the reasons set forth below, the debtors have not intentionally delayed attempting to obtain confirmation of the plan, but instead have been involved in aggressively pursuing confirmation.

The debtors have actively and aggressively been pursuing confirmation. The trustee's motion to dismiss was filed on 5/24/2011, yet the debtors had filed on 5/18/2011 several amendments requested by the trustee including a second amended plan. Instead of addressing the amendments the trustee responded with his motion to dismiss. The new procedure regarding dismissal was meant to insure that the bar generally would prosecute cases. The new procedure was not meant to punish debtors who are actively prosecuting their cases, but have genuine differences with the trustee's position. Here the debtors have been actively prosecuting their case but have a genuine difference with the trustee.

2. Debtors hereby request that they be heard on the motion and therefore request a continuance.

3. The case involves two remaining issues relating to confirmation.

Issue one: the trustee, in main, contends that the debtors have under-reported their bank deposits made in the six months immediately preceding the petition date of relief. The trustee contends the average monthly deposits to be $24,273.77 (*Point 3 of ATTACHMENT TO TRUSTEE'S MOTION TO DISMISS, PRE-CONFIRMATION*), while the debtors contend the average monthly deposits are $18,511.73. The two figures are derived from the same set of documents. Counsel for

Page 1 of 2

debtors contends that the trustee has added incorrectly. Counsel has requested a face-to-face meeting with the trustee or his staff. It is clear that the email communication which counsel is required to engage in has impaired the ability to communicate with the trustee and thus resolve the issue.

Issue two: the trustee objects to optional language contained under paragraph 14 of the plan which requires creditors to obtain relief prior to being able to proceed with initiating or completing a foreclosure. This issue exists in several other cases pending with the trustee. We are on calendar in August before Judge Carlson to address this issue. Counsel for debtors contends that the plan may impose a requirement on creditors, post-confirmation and post-vesting in the debtor, a requirement to obtain leave of the Court prior to commencing any post-confirmation effort to seize property of the debtor.

**LAW AND ARGUMENT**

The applicable law relating to dismissal for cause, to wit, unreasonable delay is found under 11 U.S.C. §1307(c)(1). Section 1307(c)(1) reads: "*unreasonable delay by the debtor that is prejudicial to creditors.*" As shown by the accompanying declaration in support of debtors' opposition, there has not been unreasonable delay in this case. Debtors have been active in the case consistently but have a genuine disagreement with the trustee, which counsel for debtors hopes can be resolved if the trustee will consent to a face-to-face meeting.

**CONCLUSION**

Given the debtors' efforts at prosecuting confirmation, the facts indicate that debtors have not intentionally nor unreasonably delayed the prosecution of this case. Moreover, counsel for debtors' alleges the plan can be confirmed as presented together with the documentation that has been requested by the trustee and which has been provided to him..

**WHEREFORE**, debtors respectfully request the court decline to grant the trustee's motion to dismiss, and to grant the debtors an additional 60 days to address all issues raised by the trustee's objection to confirmation.

RESPECTFULLY SUBMITTED,

/s/ Leon Jon Bonney                                                                 Dated:  July 15, 2011
Leon Jon Bonney
Attorney at Law  SBN: 109010

Page 2 of 2

Case: 10-34868    Doc# 38    Filed: 07/15/11    Entered: 07/15/11 16:13:45    Page 2 of 2